**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| SEGA CORPORATION, a Japanese corporation, <br><br> *Plaintiff*, <br><br> v. <br><br> JAMARIE LINDSEY, an individual, <br><br> *Defendant*. | Case No. _____ |

## COMPLAINT FOR COPYRIGHT & TRADEMARK INFRINGEMENT

Plaintiff, Sega Corporation, sues Jamarie Lindsey, for copyright infringement under 17 U.S.C. § 101, et. seq. and trademark infringement under 15 U.S.C. § 1114 and 15 U.S.C. 1125(a), and states:

## PARTIES

1. Plaintiff, Sega Corporation ("Sega" or "Plaintiff"), is a Japanese corporation having its principal place of business at Sumitomo Fudosan Osaki Garden Tower, 1-1-1 Nishi-Shinagawa-ku, Tokyo 141-0033, Japan. Plaintiff is a wholly owned subsidiary of Sega Sammy Holdings, Inc., a publicly traded company on the Tokyo Stock Exchange.

2. Defendant Jamarie Lindsey ("Lindsey" or "Defendant") is an individual residing in Hollywood, Florida.

3. According to his below LinkedIn profile, below, Defendant is a Music Producer at Top Dawg Entertainment in the Miami-Ft. Lauderdale area:



# JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338(a) and (b), 28 U.S.C. § 1367, and 15 U.S.C. § 1121, as this action involves substantial claims arising under the Copyright Act, as amended, 17 U.S.C. § 101 *et seq.*, the U.S. Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.*, and a related and supplemental claim for unfair competition under Florida law.

5. Defendant is subject to personal jurisdiction in Florida under Fla. Stat. § 48.193 because (i) he resides in this judicial district; (ii) he conducts substantial, continuous, and systematic business in this judicial district; (iii) he committed an intentional tort in Florida; and (iv) Plaintiff's claims arise out of or result from Defendant's contacts with Florida.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because (i) Defendant resides in this judicial district, and (ii) a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## FACTS RELEVANT TO ALL CLAIMS

7. Sega is a leading global gaming company headquartered in Japan. Sega is known for producing and publishing world renowned video game franchises, such as Sonic the Hedgehog, Total War, Megami Tensei, Persona, Football Manager, and many others.

8. Many of Sega's video games incorporate original musical works used to enhance gameplay by providing a pleasant or attractive auditory element.

9. Sega brings this case to prevent Defendant, an online user, from copying, distributing, selling, and offering for sale infringing musical downloads from Sega's soundtracks and otherwise continuing to trade on Sega's reputation and goodwill.

10. Defendant has taken advantage of a set of circumstances, including the anonymity and mass reach afforded by the Internet and social media, coupled with the cover afforded by international borders, to violate Sega's intellectual property rights with impunity.

11. Defendant has attempted to avoid liability by operating under one or more aliases or usernames to conceal his identity.

12. Sega is forced to file this action to combat Defendant's infringement of its copyrighted works, as well as to protect consumers from purchasing unauthorized music over the Internet.

13. Sega has been, and continues to be, harmed, both financially and irreparably, by Defendant's unlawful activities and seeks both monetary damages in the amount of at least $60,000 and injunctive relief.

    A.    **Sega's Copyrights to the Strange Journey Soundtrack and Musical Works**

14. Sega is the exclusive owner of all copyrights in and related to the video game entitled Shin Megami Tensei: Strange Journey ("Strange Journey Game" or, simply, "Strange

Journey"), a role-playing video game that involves a special task force sent by the United Nations to investigate the Schwartzwelt, a spatial distortion that appears in Antarctica and threatens to engulf the world. The Strange Journey Game cover is depicted below:



15. The Strange Journey Game features an original soundtrack that received positive reviews for its new style compared to previous Megami Tensei games.

16. Notably, the game score, a critical component of the Game, was composed and created as if the game were a motion picture, with a more mature experience to reflect the game's story and setting. To achieve that originality effect, the soundtrack departs from traditional contemporary musical elements in favor of a militaristic orchestration.

17. The soundtrack for the Strange Journey Game features 31 original song titles, which include both music and lyrics: Eternal Throne, Beginning of the End, Fear, Scorched Kingdom, Prayer, Frivolous Kingdom, Encounter, Godly Fear, The End, Squandered Kingdom, Malevolence and Benevolence, In the Master's Name, Intense Fear, Morale, Rotten Kingdom, Land Governing the Way, An Honor Befitting That Name, Land Remembering Seeds, Chaos Theme, Tyrannical Hero, World of Chaos, Palace of Pressure, Law Theme, Holy Miracle, World of Law, Land Bringing About Life, Sorrow, Crisis, Take the Shield Raise the Spear, World of Man, and Scepter of Justice ("Strange Journey Soundtrack").

4

18. The Strange Journey Soundtrack album cover is depicted below:



19. The Strange Journey Game was created by Atlus Co., Ltd. ("Atlus"), a Japanese video game developer and wholly owned subsidiary of Sega.

20. Strange Journey was first released on October 8, 2009 in Japan. The Strange Journey Soundtrack was first released on November 18, 2009, also in Japan.

21. Pursuant to a Business Transfer Agreement dated March 31, 2024 ("BTA"), Sega owns all copyrights in and to the Strange Journey Game and Strange Journey Soundtrack, as well as the underlying musical works in the Strange Journey Soundtrack.

B. **Sega's Copyrights to the P3R Soundtrack and Musical Works**

22. Sega is also the exclusive copyright owner of the video game entitled Persona 3 Reload ("P3R Game"), a role-playing video game that follows a high school student who returns to his home city after the death of his parents, gains the ability to summon a Persona (the physical manifestation of his inner spirit), and joins the Specialized Extracurricular Execution Squad tasked with defeating Shadows and uncovering the mystery of the Dark Hour. The P3R Game cover is depicted below:

5



23. The P3R Game features a 2-disc soundtrack containing both rearrangements of songs from Persona 3 and new tracks

24. Disc 1 contains 32 songs and Disc 2 contains 28 songs ("P3R Soundtrack", and together with the Strange Journey Soundtrack, "Soundtracks"), which includes both music and lyrics.

25. The songs on Disc 1 include: Full Moon Life, Aria of the Soul, This Mysterious Feeling, Want to Be Close, Troubled, Crisis, Shadow, Unavoidable Battle, Peace, When the Moon's Reaching out Stars, Iwatodai Dorm, The Voice Someone Calls, Tartarus_0d01, Mass Destruction, After the Battle, Color Your Night, Deep Beath Deep Breath, Master of Shadow, Paulownia Mall, The Meaning of Armbands, Tartarus_0d02, Bad Feeling, Fearful Experience, Calamity, During the Exam, Everyone Loves 1989, Joy, Tartarus_0d03, Deep Mentality, It's Going Down Now, The Path Is Open, and The Path Was Closed.

26. The songs on Disc 2 include: Changing Seasons, Basement, Master of Tartarus, This Is How It Should Be, Living With Determination, Tartarus_0d04, Kyoto, Afternoon Break, Tanaka's Amazing Commodities, Tartarus_0d05, Memories from 10 Years Ago-Recollection, Memories from 10 Years Ago-Confrontation, Mistic, Strength of Heart, Memories of the City,

Memories of the School, Living with Determination-Iwatodai Dorm Arrangement, Tartarus_0d06, What Lies in the Darkness, Battle Hymn of the Soul, Nyx, Determination, Burn My Dead, Enduring Bonds, I Will Protect You, Memories of You, Memories of You (Instrumental), Full Moon Full Life.

27. The P3R album cover is depicted below:



28. The P3R Game was created by Atlus and first released on February 1, 2024 in Japan. Six songs from the P3R Soundtrack were released on March 27, 2024, also in Japan and as an extended play (EP) album. The remaining songs were released in Japan on April 24, 2024.

29. Pursuant to the BTA, Sega owns all copyrights in and to the P3R Game and the P3R Soundtrack, as well as the underlying musical works in the P3R Soundtrack.

C. **Sega's Copyrighted Works Are Foreign Works Protected Under the U.S. Copyright Act and Exempt From the Registration Requirement**

30. The Soundtracks, as well as their underlying musical works, are original works of authorship for which copyright protection exists under the U.S. Copyright Act.

31. Specifically, the Soundtracks and the underlying musical works are foreign copyrighted works, namely, Japanese copyrighted works.

32. Pursuant to 17 U.S.C. 104(b)(3), the Berne Convention for the Protection of Literary and Artistic Works ("Berne Convention"), and the WIPO Performances and Phonograms Treaty ("WPPT"), these foreign works are subject to protection under the U.S. Copyright Act and exemption from 17 U.S.C. § 411(a)'s registration requirements.

33. As the copyright owner of the Strange Journey Soundtrack and the P3R Soundtrack and underlying musical works, Sega owns all exclusive rights of copyright ownership under 17 U.S.C. § 106.

D. **Sega's P3 PERSONA3 RELOAD Trademark**

34. Sega owns U.S. Trademark Registration No. 7,602,472 (the "'472 Registration" and the "P3 Mark") for the P3 Persona3 Reload design mark in connection with a myriad of goods and services in International Class 9 related to downloadable computer game programs and in International Class 41 for entertainment services related to online video game. The P3 Mark appears as follows:



A true and correct copy of Sega's '472 Registration is attached hereto as **Exhibit A**.

35. Pursuant to the Paris Convention, Sega's P3 Mark enjoys a priority date of June 9, 2023.

E.  **Defendant's Copyright and Trademark Infringement**

36. On or around March 2024, Sega discovered that an anonymous online user called Ziodyne was offering songs from Sega's Strange Journey Soundtrack and P3R Soundtrack for downloading and streaming on platforms including Apple Music, Spotify, Amazon, Instagram, and TikTok.

37. In addition, Ziodyne used an online music distribution platform called DistroKid to facilitate the distribution and uploading of Sega's musical recordings onto third party platforms.

38. On information and belief, through the DistroKid platform, Ziodyne received significant revenue and profits from his unauthorized sales of Sega's Soundtracks and musical recordings.

39. In addition to improperly reproducing, distributing, and digitally transmitting Sega's copyrighted sound recordings and musical works, Ziodyne also used Sega's P3 Mark in commerce to deceive or mislead consumers concerning the source of the sound recordings.

40. Examples of Ziodyne's willful trademark infringement, some of which are reproduced below, are attached hereto as **Composite Exhibit B**:






### F.   Subpoenas To Apple, Spotify, and DistroKid Identified Ziodyne as Defendant Lindsey

41.   In an effort to uncover the identity of the anonymous Ziodyne user, pursuant to 17 U.S.C. § 512(h), SEGA issued DMCA subpoenas to Apple Inc., Spotify USA Inc., and DistroKid LLC.

42.   On September 16, 2024, Apple responded to the subpoena and disclosed that the user claiming the artist page for Ziodyne provided the name Jamarie Lindsey, an email address of *********49@gmail.com, and a phone number of 305-200-**** (redacted for privacy purposes).

43.   On August 22, 2024, Spotify responded to the subpoena and disclosed that the artist page for Ziodyne had previously been claimed by Defendant Lindsey with an email address of *********09@gmail.com.

44. On October 4, 2024, DistroKid responded to the subpoena and disclosed that the user Ziodyne is Jamarie Lindsey, with an email address of *********49@gmail.com, a phone number of 305-200-****, and a location of Hollywood, Florida. As can be seen, the name, email address, and phone number provided by DistroKid for Ziodyne match the name, email address, and phone number provided by Apple.

45. Sega is being irreparably harmed by Defendant's infringing activities, including by and through the loss, and loss of control, of its copyrighted works and trademark, reputation and goodwill.

46. Sega has performed all conditions precedent to the filing of this action.

## COUNT I
## COPYRIGHT INFRINGEMENT
### (Strange Journey)

47. Sega realleges paragraphs 1-46 as if set forth in full herein.

48. Sega has never authorized, licensed, or otherwise permitted Defendant to copy, reproduce, distribute, prepare derivative works of, or publicly perform by digital audio transmission (or otherwise) the Strange Journey Soundtrack or its underlying musical works.

49. Defendant had access to the Strange Journey Soundtrack and underlying musical works, and did, in fact, access them through various means.

50. Defendant copied, reproduced, distributed, and/or publicly performed by digital audio transmission the Strange Journey Soundtrack and underlying musical works without Sega's consent or authorization.

51. Accordingly, Defendant violated and infringed Sega's exclusive rights under 17 U.S.C. § 106 and is therefore liable to Sega for direct copyright infringement under 17 U.S.C. § 501.

52. Defendant's acts of direct copyright infringement were committed with actual or constructive knowledge of Sega's copyrights in the Strange Journey Soundtrack and underlying musical works such that his acts were intentional and willful.

## COUNT II
## COPYRIGHT INFRINGEMENT
## (P3R)

53. Sega realleges paragraphs 1-46 as if set forth in full herein.

54. Sega has never authorized, licensed, or otherwise permitted Defendant to copy, reproduce, distribute, prepare derivative works of, or publicly perform by digital audio transmission (or otherwise) the P3R Soundtrack or its underlying musical works.

55. Defendant had access to the P3R Soundtrack and underlying musical works, and did, in fact, access them through various means.

56. Defendant copied, reproduced, distributed, and/or publicly performed by digital audio transmission the P3R Soundtrack and underlying musical works without Sega's consent or authorization.

57. Accordingly, Defendant violated and infringed Sega's exclusive rights under 17 U.S.C. § 106 and is therefore liable to Sega for direct copyright infringement under 17 U.S.C. § 501.

58. Defendant's acts of direct copyright infringement were committed with actual or constructive knowledge of Sega's copyrights in the P3R Soundtrack and underlying musical works such that his acts were intentional and willful.

## COUNT III
## TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

59. Sega realleges paragraphs 1-46 as if set forth in full herein.

60. Defendant adopted and used Sega's P3R Mark in connection with the offering for sale, sale, and distribution of identical goods (i.e., Sega's own sound recordings), creating a likelihood of confusion among consumers.

61. Defendant's use of the P3R Mark is likely to cause confusion, mistake, or deception as to the source, sponsorship, affiliation, or approval of Defendant's Products in violation of 15 U.S.C. § 1114.

62. Consumers are likely to believe that Defendant's products are associated with, approved by, or sponsored by Sega due to Defendant's use of Sega's P3R Mark.

63. Defendant's use of the P3R Mark covered by the '472 Registration, or any colorable imitation thereof, constitutes trademark infringement under § 1114.

## COUNT IV
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

64. Sega realleges paragraphs 1-46 as if set forth in full herein.

65. Sega owns common law rights in the P3R Mark in connection with video games and the accompanying soundtracks and musical works.

66. Defendant adopted and used Sega's P3R Mark in connection with the offering for sale, sale, and distribution of identical goods (i.e., Sega's own sound recordings), creating a likelihood of confusion among consumers.

67. Defendant's use of the P3R Mark is likely to cause confusion, mistake, or deception as to the source, sponsorship, affiliation, or approval of Defendant's Products in violation of 15 U.S.C. § 1125(a).

68. Consumers are likely to believe that Defendant's products are associated with, approved by, or sponsored by Sega due to Defendant's use of Sega's P3R Mark.

## COUNT V
## UNFAIR COMPETITION

69. Sega realleges paragraphs 1-46 as if set forth in full herein.

70. Defendant's acts of copyright and trademark infringement constitute unfair competition in violation of the common law of Florida.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in its favor against Defendant, and award the following relief:

(i) pursuant to 17 U.S.C. § 502, an Order enjoining Defendant, as well as his officers, agents, servants, employees, attorneys, and all other persons who are in active concert or participation with any of them, from infringing or otherwise using Plaintiff's copyrighted works;

(ii) pursuant to 17 U.S.C. § 503, an Order impounding and destroying all copies made or used in violation of Plaintiff's exclusive copyrights;

(iii) pursuant to 17 U.S.C. § 504, an award of actual damages suffered as a result of Defendant's infringement;

(iv) pursuant to 17 U.S.C. § 504(b), an award of Defendant's profits attributable to his infringement;

(v) pursuant to 17 U.S.C. § 505, an award of costs, including attorneys' fees;

(vi)     pursuant to 15 U.S.C. § 1116 and the Court's inherent equitable powers, a permanent injunction restraining and enjoining Defendant, as well as his officers, agents, servants, employees, attorneys, and all other persons who are in active concert or participation with any of them, from using the P3R Mark, as well as any names or marks confusingly similar thereto;

(vii)     an Order requiring Defendant to deliver up for destruction (and/or deletion) all articles bearing the P3R Mark or any marks confusingly similar thereto;

(viii)     pursuant to 15 U.S.C. § 1117(a), an award of Defendant's profits and such sums in addition thereto as the Court shall find just;

(ix)     pursuant to 15 U.S.C. § 1117(a), an award of damages sustained in an amount to be proven at trial;

(x)     pursuant to 15 U.S.C. § 1117(a), an award of costs of this action, including reasonable attorneys' fees and interest;

(xi)     an Order requiring Defendant to account for and disgorge to Plaintiff all amounts by which he has been unjustly enriched;

(xii)     an award of prejudgment and post-judgment interest according to law; and

(xiii)     such other and further relief that this Court may deem just and equitable.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. of Civ. P. 38, Plaintiff demands a trial by jury of all claims and issues so triable.

| | |
|---|---|
| Dated: January 8, 2026 | Respectfully submitted,<br><br>JOHNSON & MARTIN, P.A.<br><br><br>By: */s/ Matthew S. Nelles*<br>Matthew S. Nelles<br>Florida Bar No. 009245<br>500 W. Cypress Creek Road, Suite 430<br>Fort Lauderdale, FL 33309<br>Tel. (954) 790-6698<br>matt.nelles@johnsonmartinlaw.com<br>sari.tannenbaum@johnsonmartinlaw.com<br><br>*Attorneys for Plaintiff Sega Corporation* |